Lundberg Stratton, J.,
dissenting.
{¶ 34} I respectfully dissent. I believe that the majority is making an exception to the law merely because of the “unusual fact pattern” of this ease, i.e., the allegedly negligent doctor is no longer amenable to suit because any debt to these plaintiffs has been discharged in bankruptcy. Consequently, the hospital is burdened with defending an allegation of negligence against a doctor who is not a hospital employee but rather is a nonparty with no stake in the outcome and no duty to cooperate or participate in the defense of the case.
{¶ 35} Furthermore, the majority ordered bifurcation — a tacit acknowledgement that a finding of the doctor’s negligence, or lack thereof, must be made prior to proceeding on the remaining elements of the negligent-credentialing claim. As a result, the hospital is forced to defend a separate, albeit related, allegation of negligence against a nonparty doctor before the negligent-credentialing claim is ripe. I believe that this outcome requires the hospital to become an insurer of the doctor, a result that is contrary to Albain v. Flower Hosp. (1990), 50 Ohio St.3d 251, 553 N.E.2d 1038, overruled in part on other grounds, Clark v. Southview Hosp. & Family Health Ctr. (1994), 68 Ohio St.3d 435, 628 *396 N.E.2d 46, in which we held that a hospital is not an insurer of the skills of a private physician.
Williams DeClark Tuschman Co., L.P.A., Chad M. Tuschman, and Peter O. DeClark, for appellees.
Reminger Co., L.P.A., and Jeanne M. Mullin, for appellant.
Bricker & Eckler, L.L.P., Catherine M. Ballard, and Anne Marie Sferra, urging reversal for amici curiae, Ohio Hospital Association and Ohio Osteopathic Hospital Association.
{¶ 36} The plaintiffs dismissed the doctor in this action. Unfortunately, he is no longer amenable to a suit because of the bankruptcy discharge. I believe that in the absence of a prior determination that he committed medical malpractice that proximately caused the plaintiffs injury, the plaintiff is unable to maintain a negligent-credentialing claim against the hospital. The unusual facts of this case do not justify creating an exception to the law for these plaintiffs and placing a burden, not authorized by law, upon the hospital to defend an action against a nonparty so that the plaintiffs may pursue their action against the hospital.
(¶ 37} Consequently, I dissent.
O’Donnell and Lanzinger, JJ., concur in the foregoing opinion.